**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-03310-REB

MARK A. CROSS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING <u>CONTESTED</u> MOTION FOR ATTORNEY'S FEES**
**PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA) 28 U.S.C. § 2412**

**Blackburn, J.**

The matter before me is plaintiff's **<u>Contested</u> Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412** [#20],[1] filed June 10, 2014. I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying plaintiff's application for disability insurance benefits. I found that the ALJ committed legal error in assessing the opinions of plaintiff's treating source and factual error in evaluating some of the evidence going to plaintiff's credibility. I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

---

[1] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2]  As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position.  *Id.*, 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," *id.* at 2550 n.2.  For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified.  **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

---

[2]  The Commissioner does not contest the assertion that plaintiff is a prevailing party for purposes of the EAJA.  **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

The Commissioner bears the burden of demonstrating that her position was substantially justified. ***Gilbert***, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. ***Pierce***, 108 S.Ct. at 2548-49; ***Stephenson v. Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." ***Jackson v. Chater***, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden to demonstrate that her position "during the entirety of the civil action" was substantially justified. The court's central holding in this case was that the ALJ gave plaintiff's treating source opinion "an extremely cramped and miserly reading" which failed adequately to account for the doctor's unique longitudinal perspective on plaintiff's condition. (***See* Order Reversing Disability Decision and Remanding to Commissioner** at 8 [#17], filed March 12, 2014.) Although the Commissioner suggests that it was reasonable to argue that the ALJ's decision to afford this opinion "limited" weight in light of the other two medical opinions of record, she fails to support that assertion with any argument whatsoever.[3] Moreover, her attempt to argue that the ALJ may discredit a physician's opinion because it relies

---

[3] The court noted further that the ALJ had failed to "specifically compare these assessments with [the treating source opinion], or even note the ways in which the opinions were consistent or contradicted with one another." (**Order Reversing Disability Decision and Remanding to Commissioner** at 9 n.6 [#17], filed March 12, 2014.)

on a claimant's subjective complaints (which the ALJ herself found unworthy of credence) is directly contrary to the law of this circuit.[4] **Nieto v. Heckler**, 750 F.2d 59, 61-62 (10th Cir. 1984) (noting that a medical opinion "includes an evaluation of the patient's medical history and the physician's observations of the patient, and necessarily involves an evaluation of the credibility of the patient's subjective complaints of pain. A medical opinion based on all of these factors is medical evidence supporting a claim of disabling pain[.]").

The Commissioner therefore has failed to meet her burden of proof on the issue of substantial justification. Accordingly, plaintiff is entitled to an award of attorney fees. Plaintiff requests attorney fees in the amount of $8,692.96 representing 50.93 hours of attorney time.[5] The Commissioner presents no argument that the total amount of time expended or the total amount of fees requested is unreasonable. Moreover, my own experience suggests that the hours expended are reasonable and the fees requested comparable to awards made under the EAJA in similar cases. I therefore find and conclude that plaintiff is entitled to the entirety of his requested fees.

---

[4] In **Raymond v. Astrue**, 621 F.3d 1269 (10th Cir. 2009), cited by the Commissioner in support of this assertion, the medical source opinion was found to be brief and conclusory, *inter alia*, because it merely listed the claimant's complaints. **See id.** at 1272. By contrast, the ALJ here appeared to have discredited plaintiff based on her own subjective assessment of the validity of plaintiff's complaints. The Commissioner's attempt to distinguish the well-settled authority on this point (**McGoffin v. Barnhart**, 288 F.3d 1248 (10th Cir. 2002)), on its facts is utterly specious.

[5] Plaintiff's request includes a request for an a cost-of-living adjustment to the statutory rate for each year. "Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA." **Greenhill v. United States**,. 96 Fed. Cl. 771, 783 (Fed. Cl. 2001). **See also Baker v. Bowen**, 839 F.2d 1075, 1084 (5th Cir. 1988); **see also Payne v. Sullivan**, 977 F.2d 900, 903 & n.2 (4th Cir. 1992). The Commissioner presents no argument suggesting that this case presents such an unusual circumstance, and the adjustment therefore will be applied in calculating plaintiff's award.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Contested** **Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412** [#20], filed June 10, 2014, is **GRANTED**; and

2. That under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is **AWARDED** attorney fees of $8,692.96.

Dated October 6, 2014, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge